IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNDERGROUND SOLUTIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 13 C 8407 |
| EUGENE PALERMO, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Underground Solutions, Inc. (UGSI) sued Eugene Palermo for trade libel (count 1), intentional interference with prospective economic advantage (count 2), violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(a)(7)-(8) (count 3), violation of the Lanham Act, 15 U.S.C. § 1125(a) (count 4), and tortious interference with contract (count 5). The Court subsequently dismissed counts 2, 3, and 5 with leave to amend. *See Underground Solutions, Inc. v. Palermo*, No. 13 C 8407, 2014 WL 4703925 (N.D. Ill. Sept. 22, 2014). UGSI then filed an amended complaint that added new allegations regarding a project in Santa Clara; reasserted its claim for intentional interference with prospective economic advantage (count 2) based on these new allegations; and added a claim for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17500 (count 3). Palermo has moved to dismiss counts 2 and 3 for failure to state a claim. For the reasons stated below, the Court denies the motion.

**Discussion**

For the purposes of this motion, the Court assumes familiarity with the factual background provided in its earlier decision. *See Underground Solutions*, 2014 WL 4703925, at *1. To survive a motion to dismiss under Rule 12(b)(6), UGSI must provide "enough facts to state a claim to relief that is viable on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which in turn means that it must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts UGSI's allegations as true and draws reasonable inferences in its favor. *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014).

**A.    Intentional interference claim**

As discussed in the Court's previous opinion, under California law, the elements of a claim for intentional interference with prospective economic advantage are:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

*Underground Solutions*, 2014 WL 4703925, at *7-8 (quoting *Youst v. Longo*, 43 Cal. 3d 64, 71 n.6, 729 P.2d 728, 733 n.6 (1987)). A plaintiff must show "that it is reasonably probable that the lost economic advantage would have been realized but for the defendant's interference." *Id.* at *8 (quoting *Youst*, 43 Cal. 3d at 71, 729 P.2d at 733). That typically means that the plaintiff must "allege a lost contract, failed negotiation, or ongoing business relationship . . . ." *Id.* Because UGSI's original complaint did not "identify any pending contract that was lost or negotiations that were thwarted by

Palermo's alleged misrepresentations," the Court held that UGSI had failed to state a claim. *Id.*

Palermo argues that UGSI's amended claim for intentional interference with prospective economic advantage is deficient because it does not identify any existing relationships with clients or pending contracts that were affected by Palermo's statements. UGSI contends that its new allegations are sufficient. Specifically, UGSI alleges that an engineer named Ruggieri Jensen-Azar had approved Fusible PVC® pipe for a bid on a project in Santa Clara, the local water district expressed concern about Fusible PVC® pipe after reviewing materials authored by Palermo, and the engineer subsequently withdrew his approval, precluding UGSI from bidding on the project. Am. Compl. ¶¶ 37-39. UGSI also alleges that it is the sole supplier of Fusible PVC® pipe in the United States. *Id.* ¶¶ 1, 15.

By entering into business discussions about a specific construction project, and approving use of Fusible PVC® pipe on that project, UGSI and Jensen-Azar formed a relationship sufficient to give rise to a claim for tortious interference. *See Impeva Labs, Inc. v. System Planning Corp.*, No. 5:12–CV–00125–EJD, 2012 WL 3647716, at *6 (N.D. Cal. 2012) (acknowledging that plaintiff must allege "harm to some existing business relationship rather than a nebulous injury in the marketplace or interference with the plaintiff's opportunities with future, unspecified parties," but concluding that "engag[ing] in business discussions" and "submitt[ing] a response to [defendant's Request for Proposal]" constituted a business relationship). The cases Palermo cites for the contrary proposition involved speculative harm to relationships with unspecified future customers. *See Roth v. Rhodes*, 25 Cal. App. 4th 530, 546, 30 Cal. Rptr. 2d 706

3

(1994) (unspecified future patient referrals); *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2014 WL 4382880, at *5-6 (N.D. Cal. 2014) (false advertising was directed at market generally and, therefore, unspecified future customers); *see also Silicon Labs Integration, Inc. v. Melman*, No. C-08-04030-RMW, 2010 WL 890140, at *2 (N.D. Cal. Mar. 8, 2010) (finding that "specific references to potential customers with which [plaintiff] had previous sales relationships" constituted existing business relationships, but not discussing whether previous sales relationships are necessary).

Palermo also argues that "UGSI's claim . . . fails as a matter of law . . . because it did not plead that Dr. Palermo knew about any particular prospective deal with Santa Clara." Def.'s Reply in Supp. of Mot. to Dismiss at 5. But UGSI alleges that "Palermo knew that UGSI's Fusible PVC® pipe was being considered by several municipalities for upcoming projects, and knew or should have known that his false and misleading statements would reflect negatively on UGSI's Fusible PVC® pipe, causing the contractors considering UGSI's Fusible PVC® pipe to reject said pipe." Am. Compl. ¶ 56. That is enough. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . knowledge[] and other conditions of a person's mind . . . may be alleged generally."); *Monex Deposit Co. v. Gilliam*, 680 F. Supp. 2d 1148, 1162-63 (C.D. Cal. 2010) (genuine issue of fact as to knowledge where defendant knew that plaintiff had business relationships, even though defendant did not have knowledge of a specific relationship).

Next, because UGSI is the sole supplier of Fusible PVC® pipe in the United States, Jensen-Azar's approval made future economic benefit to UGSI reasonably probable. Palermo argues that UGSI's competitors were also being considered for the project. The fact remains, however, that UGSI's pipe had been included in a narrowed

4

set of approved pipes. That is sufficient at this stage of the litigation. UGSI need not plead facts showing that prospective economic benefit was certain, just that it was reasonably probable. UGSI has stated a claim for intentional interference with prospective economic advantage.

**B.     State-law false advertising claim**

California's false advertising law prohibits the dissemination of false or misleading statements in connection with advertising. Cal. Bus. & Prof. Code § 17500. At one time, "any person acting for the interests of itself, its members or the general public" had standing to sue under the law. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320, 246 P.3d 877, 884 (2011). In 2004, however, California voters passed Proposition 64, which restricted standing to "any person who has suffered injury in fact and has lost money or property as a result of a violation" of the law. *Id.* at 321, 246 P.3d at 884 (citing Cal. Bus. & Prof. Code § 17535).

UGSI alleges that it has suffered injury as a result of Palermo's false statements because it "was forced to expend time, effort, and funds to correspond and meet with potential clients to debunk the misstatements . . . ." Am. Compl. ¶ 26. That is sufficient to establish standing under section 17535. *See Animal Legal Def. Fund v. HVFG LLC*, No. C 12–05809 WHA, 2013 WL 3242244, at *3 (N.D. Cal. 2013) (observing that a competitor "surely" has standing "by reason of money or property spent to combat a proscribed business practice" under the false advertising law); *Law Offices of Mathew Higbee v. Expungement Assistance Servs.*, 214 Cal. App. 4th 544, 564, 153 Cal. Rptr. 3d 865, 881 (2013) (allegation of increased advertising costs to combat unfair competition was sufficient to withstand motion to dismiss); *Kwikset Corp.*, 51 Cal. 4th at

5

323, 246 P.3d at 885 ("There are innumerable ways in which economic injury from unfair competition may be shown.").

Palermo argues that UGSI did not actually plead this injury because the third count does not restate the allegation. But that count expressly incorporates all prior allegations by reference. *See* Am. Compl. ¶ 59. This is sufficient to place Palermo on notice of the alleged injury.

Palermo also contends that UGSI has failed to allege that it relied on the false advertising. It is true that California courts have required *consumers* to allege reliance. *See, e.g.*, *Kwikset Corp.*, 51 Cal. 4th at 326-27, 246 P.3d at 887-88. Requiring a competitor to allege reliance, however, would effectively read unfair competition claims out of the statute. That would be contrary to the legislature's express intent. *See* Cal. Bus. & Prof. Code § 17200 (defining unfair competition to include violations of § 17500); *Kwikset Corp.*, 51 Cal. 4th at 320, 246 P.3d at 883 (stating that the purpose of the Unfair Competition Law "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services" (internal quotation marks omitted)); *Law Offices of Mathew Higbee*, 214 Cal. App. 4th at 547, 153 Cal. Rptr. 3d 865, 867-68 (2013) (observing that the Unfair Competition Law "was originally conceived to protect business competitors" and that "the deterrence of unfair competition is an important goal"). There is no evidence, furthermore, that Proposition 64 was intended to preclude competitors from bringing false advertising claims. Indeed, Proposition 64's declaration of purpose says, "This state's unfair competition laws set forth in Sections 17200 *and 17500* of the Business and Professions Code are intended to protect California businesses and consumers from unlawful, unfair, and fraudulent

business practices." Prop. 64, § 1(a) (Gen. Elec. Nov. 2, 2004) (emphasis added). The Court therefore concludes that UGSI need not plead reliance. UGSI has stated a claim for unfair competition based on Palermo's alleged violations of section 17500.

## Conclusion

For the foregoing reasons, the Court denies defendant's motion to dismiss counts 2 and 3 [dkt. no. 47]. Defendant is directed to answer these claims by no later than April 21, 2015.

_____

Date: April 7, 2015